The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; or to the Amend the Opinion and Award, except for the addition of Award Paragraph Number (5) in which counsel for plaintiff is awarded an additional fee for appearing before the Full Commission.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATION
Prior to the initial hearing of 3 March 1993, the parties entered into a Pre-Trial Agreement containing factual and jurisdictional stipulations which is incorporated herein by reference.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a five foot-ten inch, approximately two-hundred and ninety pounds (290) thirty-two year-old married male. Plaintiff has a high school education and has not since received any further formal education or vocational or technical training. His prior work experience includes: working for seven and one half years for Winn-Dixie where he began as a bag boy and ended up as a market manager; working for Ford Trucks in Richmond, VA.; working for Rollin's Truck Leasing as a fueler, washer and diesel mechanic; working for Murray State as a driver and deliveryman; working for two different nut and bolt manufacturers; and working for Bi-Lo Grocery as a market manager. Since approximately October of 1993, plaintiff has worked for Rusty's Alignment Service, which is owned by his friend, Rusty Wells, and the business is involved in doing front-end alignments, brake work and minor engine repair.
2. Although he occasionally does some of the associated physical work consistent with the limitations of his permanent back injury, plaintiff is primarily in charge of the office at Rusty's Alignment. There, plaintiff handles the bookkeeping, settling up appointments, scheduling jobs, answering the telephone and picking up needed parts. Plaintiff currently earns $200.00 per week at Rusty's Alignment Service. But, as indicated by the Industrial Commission's last Award of partial disability benefits, plaintiff retained the capacity to earn $320.00 per week at the time of becoming partially disabled as a result of the back injury on 16 November 1993. This is based on the compromised figure that the parties stipulated to upon entering the Supplemental Memorandum of Agreement giving rise to the same Award, subject to the addendum attached to the same Award allowing amendment of the $320.00 figure under the circumstances described.
3. During the summer of 1992 plaintiff was employed as a meat market manager at defendant's Store #1086 in Roanoke Rapids. In the same capacity he was not only responsible for such supervisory duties as making the schedules out, making orders out, making the cutting list and making sure that the other employees did the necessary meat processing, cutting and wrapping, but at times plaintiff had to assist in performing these same physical activities himself. This would require plaintiff to lift boxes of meat weighing as much as eighty to ninety pounds, which he can no longer do because of his permanent back injury of 8 August 1992. Although through scheduling, and delegation to others plaintiff could reduce the amount of lifting required, as the premises meat market manager there were occasions when he would have to lift boxes of meat weighing in the eighty to ninety pound range.
4. Due to his permanent back injury, plaintiff cannot lift in excess of forty pounds, and as a result is unable to return to his regular meat market manager's job. Therefore, the meat market manager's job which defendant tendered at the hearing before Deputy Commissioner Shuping was not a suitable one and plaintiff was justified in refusing to accept it.
5. While involved in lifting boxes of meat on 8 August 1992, plaintiff sustained an admittedly compensable back injury giving rise to the Industrial Commission's multiple Awards of temporary and partial disability benefits resulting in plaintiff developing disabling degenerative disc disease at the L4-L5 level of his lumbosacral spine, manifested by back and leg pain.
6. Plaintiff's primary treatment was rendered by Dr. James Fulghum, a Raleigh neurosurgeon, who initially saw plaintiff on 20 November 1992 and thereafter provided a conservative course of treatment, including medication and physical therapy. Upon initially examining plaintiff, Dr. Fulghum was of the opinion that plaintiff could not return to his regular meat market manager's job because of the eighty to ninety pound occasional lifting duties required of plaintiff, and the fact that plaintiff's condition had not improved.
7. Plaintiff reached maximum medical treatment and/or the end of the healing period from and following the back injury giving rise hereto in approximately February of 1993. At that time plaintiff retained the five (5) percent permanent partial disability from the same injury that has resulted in him being unable to return to his regular meat market manager's job and his condition has since remained unchanged.
8. Because he was unable to return to his regular meat market manager's job in February of 1993, plaintiff attempted to return to part-time work, at twenty (20) hours per week, working at the premise's lunch meat counter. Plaintiff was working in the same capacity on or about 3 April 1993 when he again became disabled by his back injury when his legs gave out and he fell, requiring him to return to Dr. Fulghum for further medical treatment.
9. As indicated by the parties' stipulation in their Pre-Trial Agreement, on 29 May 1993, plaintiff was subsequently able to return to work for defendant as a bagger, which did not require him to lift in excess of the forty (40) pounds he was limited to by his permanent back injury. However, plaintiff was only allowed to work five to ten hours per week and ultimately because of financial consideration subsequently accepted his current employment at Rusty's Alignment Service. In the interim, plaintiff was not compensated for his resulting incapacity from work, but rather, did not receive any partial disability benefits for the period from 5 June 1993 through 14 August 1993 until the Industrial Commission entered its 1 February 1993 Award based on the Supplemental Memorandum of Agreement submitted by the parties in late January 1993.
10. There is no evidence, much less even an allegation thereof, that the Industrial Commission's last Award of partial disability benefits which plaintiff began receiving on 16 November 1993, after he had begun his current employment at Rusty's Alignment Service, was entered in error due to fraud, misrepresentation, undue influence or mutual mistake of fact. Therefore, the parties are bound by the Award. Since the time of the same Award, plaintiff has not sustained a substantial change of for the worse in his condition. Rather, because of his permanent back injury, plaintiff remains unable to return to his regular meat market manager's job which defendant tendered to him at the initial hearing because it was an unsuitable one requiring him to on occasion lift boxes of meat weighing in the eighty to ninety pound range.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since the Industrial Commission's last Award of partial disability benefits herein, plaintiff has not sustained a substantial change for the worse in his condition. Rather, plaintiff remains unable to return to his regular meat market manager's job because of the permanent back injury involved and was justified in his refusal to accept defendant's tender of the same job. Absent a change of condition or a showing that the Award was entered in error due to fraud, misrepresentation, undue influence or mutual mistake of fact, which has not been alleged, the parties are bound by the same Award. N.C. Gen. Stat. § 97-17.
2. As a result of the permanent back injury giving rise hereto, plaintiff has remained partially disabled since 16 November 1992, entitling him to compensation at a rate of $187.38 per week from 16 November 1993 to the scheduled hearing date and thereafter continuing at the same rate for a maximum of three-hundred (300) weeks from the date of the involved back injury, but subject to a credit for the temporary total disability benefits received under the Industrial Commission's original Award, to a credit for the twelve (12) weeks of partial disability benefits received during the period from 5 June 1993 to 14 August 1993 under the Industrial Commission's intervening Award of temporary partial disability benefits, as well as to the amendment to the provisions of the addendum attached to the Form 26 Supplemental Memorandum of Agreement giving rise to the last Award of partial disability benefits. N.C. Gen. Stat. § 97-47; 30.
* * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff, on account of his continuing partial disability, compensation at a rate of $187.38 per week from 16 November 1993 to the scheduled date of the initial hearing and thereafter continuing at the same rate for a maximum of three-hundred (300) weeks from the date of the involved injury. This Award is subject to a credit for the temporary-total disability benefits received under the Industrial Commission's original Award and to a credit for the twelve (12) weeks of temporary total disability benefits received during the period from 5 June 1993 to 14 August 1993 under the Industrial Commission's intervening Award of temporary partial disability benefits as well as to the amendment to the provisions of the addendum attached to the Form 26 Supplemental Memorandum of Agreement giving rise to the last Award of Partial disability benefits. Such compensation as has accrued hereunder shall be paid in a lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved.
2. A reasonable attorney's fee in the amount of twenty-five (25) percent of the accrued compensation benefits due under the above award is hereby approved for plaintiff's counsel, which shall be deducted from the same award and forwarded directly thereto. For the balance of counsel for plaintiff's fee defendant shall forward every fourth compensation check payable hereunder directly to plaintiff's counsel.
3. To the extent the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith, defendant shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto when bills for the same are submitted on proper forms, through the above named servicing agent, to the Industrial Commission and are approved by the Commission.
4. Defendant shall bear the costs.
5. Further, defendant shall pay an additional attorney's fee in the amount of $500.00 to plaintiff's counsel for representing plaintiff in this appeal to the Full Commission, this having been an appeal brought by the insurer in which the Commission has Ordered the insurer to make payments of benefits to the injured employee.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ JAMES J. BOOKER COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER